IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HER IMPORTS, <br><br> Plaintiff, <br><br> vs. <br><br> CABELLO REAL, LTD incorporated in the United Arab Emirates, CABELLO REAL FZE, incorporated in the United Arab Emirates, JOHN DOES 1-10 and Roe Corporations 1-10. <br><br> Defendants. | Case No. 1:22-cv-03243 <br><br> Honorable Nancy L. Maldonado |

**POST JUDGMENT RELIEF MOTION**

Plaintiff, Her Imports, by and through the undersigned counsel hereby submits this Post Judgment Relief Motion. In support of this Motion, the Plaintiff states:

**I. Procedural Background**

1. On January 18, 2023, the Court granted the Plaintiff's Motion for a default judgment against the Defendants, Cabello Real, Ltd., and Cabello Rela FZE to pay Plaintiff, Her Imports $657,771 [Dkt. 34].

2. At the time of ruling, the Plaintiff explained to the Honorable Nancy L. Maldonado, the difficultly in collecting a monetary judgment from the Cabello entities who are domiciled in the United Arab Emirates, and that the Cabello entities had U.S assets, which included: a non-functioning internet site (www.herimports.com); share ownership in Her Imports; and a Instagram account in Her Imports name that they would like to attach to the default judgment.

3. The Honorable Nancy L. Maldonado directed the Plaintiff to take the necessary steps to collect the judgment, and if unable to so, after 60 days, file a Post Judgment Relief Motion with the Court.

## II. Background on Collection Efforts

4. Following the Default Judgment, the Plaintiff notified the Defendants via email and notice through their Facebook and WhatsApp account of the Default Judgment of $657,771

5. In addition to notice, the Plaintiff's attorney, posted the case filings and Notice of Default on their website, at., www.312legal.com. A copy of this link was sent electronically to the Defendants. As of the date of this Motion, the Defendants have make any payments on the judgment, let alone respond to notice of the judgment.

6. Rather than waiting for a response, the Plaintiff took immediate action to collect this default judgment. See: Exhibit A - Barry Hall Affidavit.

7. The Plaintiff investigated the history of the Cabello entities and its control person, Patrick Terry to discover:

   a. Patrick Terry has a history of unpaid judgments against him, i.e, U.S. District Court for Central California, Case No. CV 10-2170-R, for $632,372.58, consisting of $285,694.78 for breach of contract and 346,677.80 for conversion, fraud, and negligent misrepresentation. Hall Affidavit ¶ 15(a).

   b. The Cabello entities own common stock in the Plaintiff, Her Imports. Hall Affidavit ¶ 8.

   c. The Cabello entities have administrative of the Plaintiff's non-operating website, i.e. www.herimports.com. Hall Affidavit ¶ 9.

   d. The Cabello entities have administrative control the Plaintiff's Cabello.divino Instagram account. Hall Affidavit ¶ 9.

   e. Patrick Terry has defaulted on his child supports payments. Hall Affidavit ¶15(b).

   f. Patrick Terry has defaulted on legal bills related to unsuccessful lawsuits. Hall Affidavit ¶15(e).

8. The Plaintiff recognized that since the Cabello Defendants are foreign entities, domiciled in the United Arab Emirates, it will be difficult to collect the monies owed, even with a U. S. Court Order.

9. Terry Patrick and the Cabello entities have a history of not paying their debts. Hall Affidavit ¶16.

10. The Plaintiff engaged the services of Legal Document Management, Inc. in Chicago, IL, who has a good history in helping Plaintiffs collect on outstanding Court Orders. See Exhibit B – Verella Osborne Affidavit.

11. Legal Document Management tackled the collection of the outstanding Default Judgement for $$657,771 Court Order from multiple angles.

   a. They contacted, attorney Tom McLean, an international agent for process service. This attorney explained that service of process of a foreign lawsuit, alone, is extremely difficult in the UAE as the application must be reviewed and approved by the royal family members, which frequently hold ownership interest in the defendant company. Osborne Affidavit ¶ 2.

   b. Next, they contacted the UAE Embassy in Washington, D.C. and spoke to an agent and requested any written procedures the Embassy could provide regarding the process of collecting a foreign judgment issued on a UAE corporation. They were informed the Embassy had no such information available. Effective February 1, 2023, the designed agent for UAE was changed to a member of the royal family. Osborne Affidavit ¶ 3.

   c. They emailed a similar request to the U.S. Secretary of State, Department of Commerce, and have not received a reply. Osborne Affidavit ¶ 4.

   d. They contacted the U.S. Commercial Service, the U.S. government's largest trade promotion agency and made the same request for information on procedures to collect a U.S. judgment on a UAE corporation and have not received a reply to date. Osborne Affidavit ¶ 5.

   e. They telephoned the U.S. Consulate in Dubai and they have not received any email or telephone reply to date. Osborne Affidavit ¶ 6.

    f.    They researched a published article from Thomas Reuters and Practical Law Country the same article by Susie Abdel-Nabi and Lucy Nash of the U.K. law firm, Clyde & Co., entitled "Enforcement of Judgments in the United Arab Emirates," and found there is no treaty or agreement on this topic between the UAE and the USA. Osborne Affidavit ¶ 7.

    g.    They found that the enforcement of foreign judgments in the UAE are governed by "Article 85 of the Executive Regulations" [of the Code of Civil Procedure], which contains the substantive law and procedure for the enforcement of a foreign judgment.: And that, excluded Judgments, i.e., The types of foreign judgments in commercial matters that appear to be automatically excluded for collection are: -- "Default judgments." Osbone Affidavit ¶ 8.

12. Based on this research, the laws of the UAE will prevent the Plaintiff from collecting on this Default Judgment.

13. Therefore, the only remaining method to collect on this default judgment is to attach the Cabello entities U.S. assets.

**III. Equitable Remedy in the Alternative of Legal Remedy**

14. As the Seventh Circuit notes, "[a]n injunction is an equitable remedy that does not issue as a matter of course, but rather a remedy that courts may grant at their discretion in the extraordinary situations where legal remedies such as monetary damages are inadequate. *Bedrossian v. Northwestern Memorial Hosp*. 409 F.3d 840, 842 (7th Cir. 2005).

15. In this instant case, the Plaintiff anticipates that monetary damages will be difficult to recover from foreign entities; and, would be "seriously deficient as a remedy for the harm suffered." *Roland Mach. Co. v. Dresser Indus., Inc.*, 749 F.2d 380, 386 (7th Cir. 1984).

16. Further, the Plaintiff believes that since the Cabello entities did not answer or respond to this lawsuit, it is highly unlikely that will pay any default money damages. And, based on the work conducted by Legal Document Services (cited above) it is not possible to enforce a U.S. Court Order in the United Arab Emirates.

17. This makes this legal remedy inadequate.

18. The Cabello entities collectively own 6,022,696 shares of common stock of Her Imports. The last public sale of the common stock on August 25, 2021. The average price of the stock was $0.05 per share. $0.05 a share times 6,022,696 shares equals $301,135, far less than the $657,771 owed to Her Imports by the Cabello entities. Hall Affidavit ¶ 25.

19. Since monetary damages are not recoverable as a legal remedy from foreign entities, this will cause irreparable harm to the Plaintiff and its shareholders. Therefore, the Plaintiff respectfully requests this Court to restore its *status quo* via injunctive relief, whereby NATCO, Her Import's authorized transfer agent cancel the Defendants share ownership of Her Imports to the amount of the monies owed, which would include any and all shares issued to the Cabello entities; transfer the administrative control in the Cabello.divino Instagram account to Her Imports; and transfer the administrative control over in the non-functioning URL www.herimports.com to Her Imports. Hall Affidavit ¶ 24.

20. Therefore, based on this extraordinary situation, in attempting to recover damages from two United Arab Emirates entities, the Plaintiff respectfully requests this Court's discretion to grant the Plaintiff injunctive relief to recover a portion of the Defendants holdings located in the United States, as an equitable remedy.

**IV. Injunctive Relief**

21. A party seeking a preliminary injunction must show (1) that its case has "some likelihood of success on the merits," and (2) that it has "no adequate remedy at law and will suffer irreparable harm if a preliminary injunction is denied." *Ezell v. City of Chi.*, 651 F.3d 684, 694 (7th Cir. 2011). The threshold for establishing likelihood of success is relatively low. *Mich. v. U.S. Army Corps of Eng'rs*, 667 F.3d 765, 782 (7th Cir. 2011). The moving party must only "present a claim plausible enough that (if the other preliminary injunction factors cut in their favor), the

entry of a preliminary injunction would be an appropriate step." *Id*. at 783. If the moving party meets these threshold requirements, the district court "weighs the factors against one another, assessing whether the balance of harms favors the moving party or whether the harm to the nonmoving party or the public is sufficiently weighty that the injunction should be denied." *Id.* The district court's weighing of the factors is not mathematical in nature; rather, it is "more properly characterized as subjective and intuitive, one which permits district courts to weigh the competing considerations and mold appropriate relief." *Ty, Inc. v. Jones Group, Inc.*, 237 F.3d 891, 895–96 (7th Cir. 2001) (quoting Abbott Labs. v. Mead Johnson & Co., 971 F.2d 6, 12 (7th Cir. 1992)).

22. An injunction is an equitable remedy warranted only when the plaintiff does not have an adequate remedy at law, such as monetary damages. See *Morales v. Trans World Airlines*, 505 U.S. 374, 381 (1992); *Franklin v. Gwinnett Co. Pub. Sch.,* 503 U.S. 60 75-76 (1992)

**V. Adequate Remedy At Law**

23. Plaintiffs do not have a remedy at law. *Girl Scouts of Manitou Council* v. *Girl Scouts of the United States of America, Inc.*, 549 F.3d 1079 at 1095 (7th Cir. 2008). In other words, the Plaintiffs have demonstrated that, in this instant case, money damages are inadequate, since they cannot be collected. Plaintiff has demonstrate that: (1) absent injunctive relief, it will suffer irreparable harm; (2) traditional legal remedies are inadequate; and (3) its claim has some likelihood of success on the merits. *Id.* The court also must consider the public interest in either the grant or denial of the injunctive relief. *Id*.

24. Plaintiffs need not show traditional legal remedies would be "wholly ineffectual," but, rather, that they would be "seriously deficient as compared to the harm suffered." *Foodcomm Int'l v. Barry*, 328 F.3d 300, 304 (7th Cir. 2003). "[S]howing irreparable harm is '[p]robably the most

6

common method of demonstrating that there is no adequate legal remedy.'" *Campbell v. Miller*, 373 F.3d 834, 840 (7th Cir. 2004) (Williams, J., dissenting) (quoting 11A Charles A. Wright, Arthur R. Miller & Mary K. Kane, Federal Practice and Procedure § 2944 (2d ed. 1995)); *see also Fleet Wholesale Supply Co. v. Remington Arms Co.*, 846 F.2d 1095, 1098 (7th Cir. 1988); *Wil-Kar, Inc. v. Vill. of Germantown*, 153 F. Supp. 2d 982, 987 (E.D. Wis. 2001).

### VI. Injunctive Relief Analysis

#### A. Likelihood of Success on the Merits

25. To prevail on injunctive relief, the Plaintiff must show some likelihood of success on the merits. This is a low threshold, as the Plaintiff need only demonstrate that its chances of prevailing are "better than negligible." *Roland Mach. Co.*, 749 F.2d at 387 (quoting *Omega Satellite Prods Co. v. City of Indianapolis*, 694 F.2d 119, 123 (7th Cir. 1982)).

26. The Plaintiff argues and demonstrates that the Defendants misappropriated $657,771. Based on this unjust enrichment by the Cabello entities, there is a high likelihood on the success of the merits of this case.

#### B. Irreparable Harm/Inadequate Legal Remedy

27. To show lack of an adequate remedy at law, the moving party must show that monetary damages would be "seriously deficient as a remedy for the harm suffered." *Roland Mach. Co. v. Dresser Indus., Inc.*, 749 F.2d 380, 386 (7th Cir. 1984). "A damages remedy may be inadequate if it comes 'too late to save the plaintiff's business or if the nature of the plaintiff's loss may make damages very difficult to calculate.'" *Gateway E. Ry. Co. v. Terminal R.R. Ass'n of St. Louis*, 35 F.3d 1134, 1140 (7th Cir. 1994) (quoting *Roland Mach. Co.*, 749 F.2d at 386). The same principle applies in the context of irreparable harm; indeed, a business is said to suffer irreparable harm if it is forced to shut down while awaiting trial. *Roland Mach. Co.*, 749 F.2d at 386; *see also United*

7

*Air Lines, Inc.* v. *Air Line Pilots Ass'n*, No. 08-cv-4317, 2008 WL 4936847, at * 45 (N.D. Ill. Nov. 17, 2008).

28. To show lack of an adequate remedy at law, the moving party must show that monetary damages would be "seriously deficient as a remedy for the harm suffered." *Roland Mach. Co. v. Dresser Indus., Inc.*, 749 F.2d 380, 386 (7th Cir. 1984). "A damages remedy may be inadequate if it comes 'too late to save the plaintiff's business or if the nature of the plaintiff's loss may make damages very difficult to calculate.'" *Gateway E. Ry. Co. v. Terminal R.R. Ass'n of St. Louis*, 35 F.3d 1134, 1140 (7th Cir. 1994) (quoting *Roland Mach. Co.*, 749 F.2d at 386).

29. In this instant case, the Plaintiff has suffered a financial loss of $657,771. Hall Affidavit ¶ 13. These funds were wrongfully taken at the expense of Plaintiff, Her Imports and its 200 shareholders. Hall Affidavit ¶ 26. The two Cabello entries are domiciled in the United Arab Emirates. Hall Affidavit ¶ 8. Based on attempted collection endeavors, the laws of the UAE will prevent the Plaintiff from collecting on this Default Judgment..

30. Therefore, based on these circumstances, it is not possible to collect on any monetary damages awarded from entities domiciled in the United Arab Emirates. Failure to reclaim financial loss of $657,771 would cause irreparable harm to the Plaintiff and its shareholders. Hall Affidavit ¶ 26. Therefore, based on these circumstances, since the $657,771 cannot be recovered, this would make this legal remedy inadequate.

**C. Balance of Harms and Public Interest**

31. Once a moving party has satisfied the threshold requirements for injunctive relief, a court must balance the threatened injury to the moving party with the threatened harm that the injunction may inflict on the nonmovant. *Girl Scouts of Manitou Council*, 549 F.3d at 1085.

8

32. In this instant case, the Plaintiff believes it has made a satisfactory showing of the likelihood of success, the irreparable harm this has cause the Plaintiff under these circumstances there is inadequate legal remedy to collect a judgment against entities where the laws of the UAE prevent the Plaintiff from collecting on this Default Judgment. Therefore, this is now in the hands of the District Court to balance the harm the injunction would impose on the defendant against the injury the Plaintiff would suffer without the injunction. *See Vencor, Inc. v. Webb,* 33 F.3d 840, 845 (7th Cir.1994).

**VI. Notice to Defendants**

33. Separately, the Plaintiff will serve a copy of this Post Judgment Relief Motion and corresponding Affidavits on the Defendants and file a separate Certificate of Service.

**VII. Conclusion**

Wherefore, the Plaintiff respectfully requests this Court to grant its motion to restore its *status quo* via injunctive relief, whereby NATCO, Her Imports' authorized transfer agent will cancel the Defendants share ownership of Her Imports to the amount of the monies owed, which would include any and all shares issued to the Cabello entities; transfer administrative control of the Cabello.divino Instagram account to Her Imports; and transfer the administrative control to Her Imports in the non-functioning URL www.herimports.com to Her Imports.

Dated: March 21, 2023                                   Respectfully submitted,

                                                        By: /s/ *T. J. Jesky*
                                                                T. J. Jesky

T. J. Jesky (IL ARDC 6235691)
Law Offices of T. J. Jesky
205 N. Michigan Avenue, Suite 810
Chicago, IL 60601-5902
tj@jeskylaw.com
Telephone: 312-894-0130, Ext. 3
*Counsel for Plaintiff*